RAFAEL RODRÍGUEZ AMADOR, demandante y apelado, *v.* PEDRO GARCÍA y GREAT AMERICAN INSURANCE Co., demandados y apelantes.

Núm. 8770.—*Sometido:* Noviembre 22, 1943. *Resuelto:* Diciembre 1, 1943.

*Hugh R. Francis y Federico J. Pérez Almiroty*, abogados de los apelantes; *Celestino Iriarte, F. Fernández Cuyar y Héctor González Blanes*, abogados del apelado.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

El demandante apelado solicita la desestimación del presente recurso por ser éste claramente frívolo y haber sido interpuesto con el propósito de dilatar la ejecución de la sentencia. Alega el apelado que las cuestiones de hecho y de derecho consideradas y resueltas en el caso de autos en contra del apelante son exactamente las mismas que fueron consideradas por esta Corte Suprema y resueltas también en su contra en el caso de *Ramos* v. *García,* 62 D.P.R. 411.

Rafael Rodríguez, el aquí demandante y apelado y Eva Ramos, la demandante en *Ramos* v. *García,* supra, fueron

arrollados, mientras paseaban en una motocicleta de dos asientos, por una guagua propiedad del demandado Pedro García. Cada una de ellas radicó demanda contra García en reclamación de daños y perjuicios. Los dos casos fueron vistos conjuntamente. La prueba practicada por las partes para sostener sus respectivas alegaciones y defensas fué la misma para ambos casos. Estos fueron resueltos por una misma opinión y sentencia en favor de ambos demandantes.

Al desestimar por frívolo el recurso establecido por los demandados en contra de la sentencia dictada a favor de Eva Ramos, dijimos:

"La corte inferior resolvió que el chófer de la guagua había sido negligente '(a) en tratar de pasarle a la motocicleta en los momentos en que se acercaba por el lado opuesto de la carretera otro vehículo, lo que le obligó a pasar tan cerca de la motocicleta que al enderezar la guagua para continuar su marcha por la carretera chocó con aquélla, dando violentamente con su parte trasera derecha en el manubrio izquierdo de la motocicleta; (b) en no reducir la velocidad de la guagua al pasar a la motocicleta y (c) al no tocar "klaxon" para avisar al conductor de la motocicleta que iba a pasarlo'."

"(1) Los damandados hicieron poco esfuerzo para contradecir la prueba que establece los hechos arriba mencionados. A lo sumo los demandados intentaron probar que Rodríguez acababa de poner en marcha su motocicleta y la había lanzado contra la guagua. Pero esta prueba no mereció crédito a la corte de distrito, y la prueba creída por ésta sostiene ampliamente la sentencia. En un caso algo parecido, este Tribunal resolvió—citamos del sumario—'Cuando debido a la imprudencia del *chauffeur* de una guagua al pretender pasar a otro vehículo en el momento en que un truck viene en dirección contraria, la guagua roza con el *truck* y se ocasionan lesiones a un pasajero de la guagua, tal rozadura, por leve que sea, es fuente de obligaciones.' (*Cruz* v. *White Star Bus Line, Inc.*, 46 D.P.R. 435). Véase también, *Claudio* v. *Delgado*, 44 D.P.R. 753."

La corte inferior resolvió que el demandante Rodríguez no había sido negligente. Después de un cuidadoso estudio no encontramos en el récord del caso razón alguna que pueda justificar una alteración de dicha conclusión. Tampoco po-

dríamos alterar la conclusión de que el accidente fué motivado por la negligencia del conductor de la guagua, toda vez que la prueba del demandante, a la que dió crédito el juez sentenciador, es a nuestro juicio suficiente para sostenerla.

Brillante ha sido el esfuerzo realizado por el abogado del apelante, para tratar de convencernos de que la corte inferior cometió grave y manifiesto error al apreciar la prueba ofrecida para sostener la alegación de negligencia y la ofrecida para establecer la defensa de negligencia contributoria. Empero, no ha logrado convencernos de que tal error haya sido cometido, ni tampoco de que la suma adjudicada al demandante sea excesiva.

*La frivolidad del recurso es tan aparente que procede su desestimación.*